*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

*EMIL N. WHITTEN,*                    )
                                     )
          *Plaintiff*              )
                                     )
*v.*                                 )          *Docket No. 06-164-P-S*
                                     )
*STANLEY MOORE, et al.,*             )
                                     )
          *Defendants*             )


*RECOMMENDED DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]*

The defendants, Stanley Moore, Philip Cote and York County, move for summary judgment on all counts asserted against them in this removed action (Maine Superior Court (York County)) arising out of an arrest.  I recommend that the court grant the motion.

## I.  Summary Judgment Standards

### A.  Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004).  "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant.  By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving

---

[1] The defendants have also filed a motion to exclude certain expert testimony proffered by the plaintiff.  If the court adopts my recommendation that the defendants' motion for summary judgment be granted, that motion will be moot.

party.'"  *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor.  *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue."  *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e).  "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party."  *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B.  Local Rule 56

The evidence the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the Local Rules of this District.  *See* Loc. R. 56.  The moving party must first file a statement of material facts that it claims are not in dispute.  *See* Loc. R. 56(b).  Each fact must be set forth in a numbered paragraph and supported by a specific record citation.  *See id*.  The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]"  Loc. R. 56(c).  The nonmovant likewise must support each denial or qualification with an appropriate record citation.  *See*

*id*.  The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation.  *See id*.  The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement.  *See* Loc. R. 56(d).  Again, each denial or qualification must be supported by an appropriate record citation.  *See id*.

Failure to comply with Local Rule 56 can result in serious consequences.  "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  Loc. R. 56(e).  In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact."  *Id*.; *see also, e.g., Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 45 (1st Cir. 2004) ("We have consistently upheld the enforcement of [Puerto Rico's similar local] rule, noting repeatedly that parties ignore it at their peril and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.") (citations and internal punctuation omitted).

## II.  Factual Background

The following undisputed material facts are properly supported in the respective statements of material facts filed by the parties.

Defendant Stanley Moore of the York County Sheriff's Office arrested the plaintiff, Emil Whitten, on September 13, 2004 on the charge of operating a vehicle under the influence of alcohol. Defendants Stanley Moore, Philip Cote, and York County's Statement of Material Facts, etc.

("Defendants' SMF") (Docket No. 26) ¶ 1; Plaintiff's Opposing Statement of Material Facts ("Plaintiff's Responsive SMF") (Docket No. 33) ¶ 1. Defendant Philip Cote, the sheriff of York County, was not personally involved in the plaintiff's arrest and was not present at any time during the incident. *Id*. ¶ 34.

The arrest took place in front of Deer Pond Edu-Care, a day care center, in Hollis, Maine, where the plaintiff went to pick up his four-year-old son. *Id*. ¶¶ 2-3. To secure the plaintiff while under arrest, Moore applied handcuffs to the plaintiff's wrists. *Id*. ¶ 4. The plaintiff complied with Moore's request to put his hands behind his back so that the handcuffs could be affixed. *Id*. ¶¶ 5-6. The plaintiff could not see what Moore was doing when the handcuffs were being applied. *Id*. ¶ 9. The York County Sheriff's Office requires all officers to place all arrestees in handcuffs for the safety of the officer and others *Id*. ¶ 15. The policy also requires that hands be cuffed behind the arrestee's back. *Id*. ¶ 16.

Moore placed the plaintiff in the back of his cruiser. *Id*. ¶ 21. Approximately ten minutes elapsed while Moore spoke with day care center employees. *Id*. ¶ 26. Moore then drove the plaintiff directly from the day care center to the York County jail. *Id*. ¶ 22. The trip lasted between 15 and 25 minutes. *Id*. ¶ 23. The handcuffs were removed as soon as Moore and the plaintiff arrived at the jail *Id*. ¶ 24. The plaintiff described it as a "total relief" when the handcuffs were removed. *Id*. ¶ 25. The plaintiff alleges that he asked Moore to loosen the cuffs about 3 to 4 miles from the day care center. *Id*. ¶ 29. He also alleges that later in the car he asked Moore to put the handcuffs in front because they were hurting him. *Id*. ¶ 30. He alleges that about three miles from the jail he asked Moore to take the handcuffs off because they were hurting him. *Id*. ¶ 31.

Moore's personal policy is to refuse a detainee's request that he check handcuffs for tightness if he had applied them initially as part of a compliant arrest. [Plaintiff's] Additional Material Facts

("Plaintiff's SMF") (included in Plaintiff's Responsive SMF, beginning at 3) ¶ 42; Defendants Stanley Moore, Philip Cote, and York County's Reply Statement of Material Facts, etc. ("Defendants' Responsive SMF") (Docket No. 41) ¶ 42.  At the time of the plaintiff's arrest, Moore was aware that the improper application of handcuffs could cause injury.  *Id*. ¶ 41.

Neither Cote nor York County is aware of any problems pertaining to the alleged use of excessive force in the application of handcuffs.  Defendants' SMF ¶ 35; Plaintiff's Responsive SMF ¶ 35.  The plaintiff has not identified any problems pertaining to the alleged use of excessive force in the application of handcuffs apart from his own alleged circumstances and has no personal knowledge of any other alleged use of excessive force involving these defendants.  *Id*. ¶ 36.

### III. Discussion

The complaint alleges that Moore violated 15 M.R.S.A. § 704, negligently caused injury to the plaintiff, committed a battery against the plaintiff and violated the plaintiff's state and federal constitutional rights.  Complaint (Attachment 2 to Affidavit of John J. Wall, III (Docket No. 2)), Counts I-V.  It alleges that Cote and the county each violated the plaintiff's state and federal constitutional rights.  *Id*. Counts VI-IX.  As to all of the defendants, the federal constitutional counts, which are brought under 42 U.S.C. § 1983, and the state constitutional counts, which are brought under 5 M.R.S.A. § 4682,[2] are analyzed under the same legal standard.  *Dimmitt v. Ockenfels*, 220 F.R.D. 116, 123 (D. Me. 2004).

---

[2] This statute provides, in relevant part: "Whenever any person . . . intentionally interferes or attempts to intentionally interfere by physical force or violence against a person . . . . with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State . . . the person whose exercise or enjoyment of these rights has been interfered with, or attempted to be interfered with, may institute and prosecute . . . a civil action for legal or equitable relief."  5 M.R.S.A. § 4682(1-A).

## A.  Defendant Moore

The plaintiff's claim that Moore used excessive force by applying handcuffs too tightly and refusing to loosen or remove them when asked to do so by the plaintiff invokes the Fourth Amendment to the United States Constitution.  Complaint ¶ 34.   In order to prevail on such a claim,

> a plaintiff must establish that the defendant's actions in handcuffing [him] were objectively unreasonable in light of the circumstances and the facts known to the officer at the time.  This showing must take into account the reasonableness of the officer's actions, viewed from the perspective of a prototypical officer confronted with the same or similar circumstances. All of the attendant facts must be considered.  Police work is often carried out in fast-moving and poorly defined situations, so it is especially unfair to judge an officer's actions in hindsight.

*Calvi v. Knox County*, 470 F.3d 422, 428 (1st Cir. 2006) (citations omitted).

Here, the plaintiff asserts that his "injury, in and of itself, is sufficient to generate a question of fact as to whether or not Defendant Moore used excessive force during Plaintiff's arrest."  Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Opposition") (Docket No. 32) at 3.  This assertion, which is central to the plaintiff's argument, is both unsupported by the summary judgment record and incorrect as a matter of law.  First, the plaintiff offers no citations to specific portions of the summary judgment record in support of his factual claims.[3]  Second, the only factual assertions offered by the plaintiff regarding the alleged severity of his injury, paragraphs 50-51 of his statement of material facts, are subject to objections by the defendants, Defendants' Responsive SMF ¶¶ 50-51.  Those paragraphs assert that "Plaintiff's treating physician Andrew Candelore, D.O.,

---

[3] It is apparent that counsel for the plaintiff meant to provide such citations.  *See, e.g.,* Opposition at 4 ("However, as the medical reports aptly demonstrate (POSMF, at ¶ ), Plaintiff's injuries, i.e., _____, are not consistent with properly-applied handcuffs, but rather, are commensurate with handcuffs applied too tightly, or handcuffs which subsequently became too tight due to the failure to double-lock them.").  Every other citation to the plaintiff's statement of material facts in this section of his memorandum of law similarly has no number following the paragraph symbol.  This court will not search through the parties' statements of material facts to find appropriate supporting entries when a party completely omits such references from his memorandum of law.  The severity of the plaintiff's omission is underscored by the fact that the defendants pointed it out in their reply memorandum, Defendants Stanley Moore, Philip Cote, and York County's Reply in Support of Summary Judgment, etc. ("Reply") (Docket No. 40) at 1, yet counsel for the plaintiff has not sought leave of court to correct these omissions.

diagnosed the plaintiff's injuries as contusion of the nerve in the right wrist, secondary to handcuff," and "Plaintiff has since undergone surgery on his right wrist because of that injury," Plaintiff's SMF ¶¶ 50-51. The only authority cited for these paragraphs is paragraphs 27 and 28 of the plaintiff's own affidavit. *Id*.

The defendants object that the doctor's reported diagnosis is hearsay and does not provide evidence of causation. Defendants' Responsive SMF ¶ 50. They object that the plaintiff has not demonstrated any competence to suggest a causal connection between the surgery and Moore's application of the handcuffs and that his comments in that regard constitute hearsay or speculation. *Id*. ¶ 51. The plaintiff has not responded to these objections. In the absence of any attempt to establish that an exception to the hearsay rule applies to what the plaintiff characterizes as his medical records or to establish the plaintiff's competence to opine as to medical causation, those paragraphs are stricken.

Finally, even if there had been admissible evidence of the severity of the plaintiff's alleged injury, his argument is incorrect as a matter of law. He relies on his conclusory assertions, again unsupported by specific references to the summary judgment record, that when arrested he "was not posing an immediate threat to the safety of others," he did not actively resist arrest, he was arrested for allegedly committing a non-violent crime, he was injured and Moore refused to loosen "or even check the tightness of" the handcuffs despite three requests from the plaintiff to do so. Opposition at 6-7. These factual assertions, if they could be credited, are almost identical to those asserted by the plaintiff in *Ray v. Donovan*, 2006 WL 3741914 (D. Me. Dec. 14, 2006), a recommended decision that was subsequently adopted by this court, Order Adopting Report and Recommended Decision (Docket No. 73), *Donald Ray v. Kevin Donovan, et al.*, Docket No. 05-239-P-H. In that case, the plaintiff alleged that he was not arrested but was nonetheless handcuffed, 2006 WL 3741914 at *6; he

immediately began to complain that the handcuffs were too tight, were cutting into his wrists and causing him severe pain, *id*, at *7; the defendant officer ignored his complaints and pleas for help, *id*.; he was arrested because it was unlikely that he would voluntarily refrain from driving his truck if not arrested and the officer had concluded that the plaintiff was fatigued, *id*. at *8; he was given a citation for being a fatigued driver, *id*.; he was also arrested for failing to have his truck driver's log current, *id*. at *9; the officers issued three citations in connection with the incident, *id*. at *10; he was compliant with the arrest, *id*. at *11; he told the officer applying the handcuffs that his left arm "was messed up and that if he put the cuffs on it there was going to be a problem," *id*.; he was handcuffed for about an hour before being transported to the jail, *id*. at *12, and for as much as two hours thereafter, *id*. at *14; and, when the handcuffs were taken off, "it was obvious that his left wrist was swollen and bleeding and that the handcuffs had made indentations all around the circumference of his right wrist," *id*. at *11.  Assuming these allegations to be accurate, Magistrate Judge Kravchuk, relying on the First Circuit's opinion in *Calvi*, held that the plaintiff's claim "does not survive summary judgment on the question of whether there was a constitutional violation apropos his handcuffing by" the officer involved.  *Id*. at *19-*20.  I find Judge Kravchuk's reasoning persuasive and see no basis for distinguishing this case from *Ray* on the facts.

Moore is entitled to summary judgment on Counts IV and V.

Count I alleges that Moore violated 15 M.R.S.A. § 704, which provides, in relevant part:

> Every sheriff, deputy sheriff . . . or police officer shall arrest and detain persons found violating any law of the State . . . until a legal warrant can be obtained . . . ; but if, in so doing, he acts wantonly or oppressively . . . he shall be liable to such person for the damages suffered thereby.

15 M.R.S.A. § 704.  Judge Hornby of this court has suggested that enactment of the Maine Tort Claims Act abrogated 15 M.R.S.A. § 704, *Jackson v. Inhabitants of the Town of Sanford*, Civ. No. 94-12-P-H, 1994 WL 589617 at *7 n.2 (D. Me. Sept. 23, 1994), but the Maine Law Court has subsequently

declined to reach the question, *Richards v. Town of Eliot*, 2001 ME 132, ¶ 36 n.10, 780 A.2d 281, 294 n.10.  The defendants contend that Moore's conduct cannot be considered wanton or oppressive in light of the Law Court's opinion in *Leach v. Betters*, 599 A.2d 424 (Me. 1991).  Defendants Stanley Moore, Philip Cote, and York County's Motion for Summary Judgment, etc. ("Motion") (Docket No. 25) at 15-16.  The plaintiff does not address this issue or Count I at all, and curiously concludes that "Defendants' Motion for Summary Judgment on Counts II, III, IV and V of Plaintiff's Complaint must be denied."  Opposition at 11.  If the plaintiff intended to concede that the defendants are entitled to summary judgment on Counts I and VI-IX of his complaint, it was incumbent upon him to say so.  Given the current ambiguous state of the summary judgment record on this question, the court must nonetheless consider the merits of each of these counts.  *Guptill v. Martin*, 228 F.R.D. 62, 66 (D. Me. 2005).

Assuming that immunity granted under the Maine Tort Claims Act, 14 M.R.S.A. § 8101 *et seq.* is not applicable to claims brought under 15 M.R.S.A. § 704, a record that supports the conclusion that police officers may have used more force than was necessary but contains no suggestion that they used more force than they reasonably thought to be necessary, which might be demonstrated by some hint of ill will, bad faith or improper motive, cannot be construed to support a judgment based on wanton or oppressive conduct.  *Leach*, 599 A.2d at 426.  That is the case here.  The plaintiff has not offered evidence that would allow a reasonable factfinder to conclude that Moore's use of the handcuffs as the plaintiff describes it was wanton or oppressive conduct.  Moore is entitled to summary judgment on Count I.

Counts II and III allege negligence and battery, both of which are state-law torts.  The defendants argue that the Maine Tort Claims Act in 14 M.R.S.A. § 8111 confers absolute immunity on Moore with respect to these claims.  Motion at 16-17.  That statute provides, in relevant part:

> Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:
>
> * * *
>
> C.   Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid[.]
>
> * * *
>
> The absolute immunity provided by paragraph C shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all governmental employees, including police officers  . . ., who are required to exercise judgment or discretion in performing their official duties.

14 M.R.S.A. § 8111(1).  The plaintiff argues that Moore's conduct was so egregious as to clearly exceed, as a matter of law, the scope of any discretion he could have possessed in his official capacity, Opposition at 11, citing *Comfort v. Town of Pittsfield*, 924 F. Supp. 1219, 1236 (D. Me. 1996), where this exception to section 8111 immunity is discussed.  "A police officer's use of force to execute a warrantless arrest is considered discretionary conduct under" this statute.  *Hodsdon v. Town of Greenville*, 52 F.Supp.2d 117, 126 (D. Me. 1999). The plaintiff in *Comfort* alleged that police officers beat him so badly after handcuffing him that he lost consciousness and bled profusely from the head, sustaining a permanent eye injury, *Comfort*, 924 F. Supp. at 1226, egregious conduct easily distinguishable from that alleged by the plaintiff in this case.  Moore is entitled to summary judgment on Counts II and III, the only remaining counts asserted against him.

## B.  Defendant Cote

Because the plaintiff does not address his claims against Cote in his opposition to the defendants' motion for summary judgment, the complaint provides the only description of the nature of those claims.  In Count VI, the complaint alleges that Cote was Moore's supervisor and that Moore's "inadequate training, supervision and/or discipline in the use of force pursuant to an arrest, including

10

the use of handcuffs, directly resulted in" violation of the plaintiff's state and federal constitutional rights, invoking 5 M.R.S.A. § 4682.  Complaint ¶¶ 37-39 & at 7-8.  Count VII limits the claim to a violation of the plaintiff's federal constitutional rights and does not include any specific allegations against Cote.  *Id*. ¶¶ 42-43.  Both counts can only reasonably be interpreted as alleging supervisory liability against Cote.  The plaintiff has not offered any evidence that would allow a reasonable factfinder to conclude that Cote either participated in Moore's handcuffing of the plaintiff or indicated condonation or tacit authorization of the alleged misconduct.  *See Vélez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006).  If the officer has not violated the plaintiff's constitutional rights, his supervisor cannot be held liable.  *Wilson v. Town of Mendon*, 294 F.3d 1, 6 (1st Cir. 2002).  To the extent that the plaintiff means to assert a claim for failure to train Moore, he must establish that Cote was either grossly negligent or deliberately indifferent in failing to take precautions against the alleged constitutional violation.  *Warren v. Maine State Prison*, 490 F.Supp.2d 9, 12 (D. Me. 2007).  Even assuming that Moore did violate one of the plaintiff's constitutional rights, the plaintiff has made no attempt in his statement of material facts to show negligence or indifference on Cote's part.  Cote is entitled to summary judgment on Counts VI and VII.

### C. Defendant York County

Again, the plaintiff does not respond to the defendants' contention that he has not made the requisite factual showing to maintain the claims asserted against York County in Counts VIII and IX of the complaint.  First, he cannot hold the county liable absent a constitutional violation by Moore.  *Evans v. Avery*, 100 F.3d 1033, 1039-40 (1st Cir. 1996).  Next, even if he had survived summary judgment on his constitutional claims against Moore, the plaintiff has failed to submit any evidence that would allow a reasonable factfinder to conclude that Moore's violation resulted from a custom or

11

policy of the county, a necessary element of these claims. *City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989). York County is entitled to summary judgment on Counts VIII and IX.

## IV. Conclusion

For the foregoing reasons, I recommend that the defendants' motion for summary judgment be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of September, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

12